UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21-CV-00039-JHM

SHANNON SAUCIER AND CHRIS SAUCIER                                    PLAINTIFFS

V.

ALLSTATE INSURANCE COMPANY                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand [DN 5]. Fully briefed, this matter is ripe for decision. For the following reasons, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiffs sued Allstate in Muhlenberg Circuit Court alleging that it breached an insurance policy. [DN 1-2]. Allstate removed the case to this Court under diversity jurisdiction. [DN 1]. Plaintiffs now request that the Court remand the case to the Muhlenberg Circuit Court because they stipulate that their damages do not exceed the amount in controversy required for diversity jurisdiction. [DN 5]. A federal district court has diversity jurisdiction over any civil action where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. 1332(a). The Court must determine whether Plaintiffs' stipulation destroys diversity jurisdiction.

## II. DISCUSSION

The Sixth Circuit has held that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). It explained that "[i]f plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate

proceedings merely because their federal case begins to look unfavorable." *Id.* "However, where a state prevents a plaintiff from pleading a specific amount of damages, as Kentucky does, and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a clarification of the amount in controversy rather than a reduction of such." *Hall v. Wal-Mart Stores, Inc.*, No. 17-CV-38, 2018 WL 344981, at *1 (W.D. Ky. Jan. 9, 2018) (internal quotation marks and citation omitted). Thus, "a plaintiff may submit a stipulation that will clarify the amount in controversy for the purposes of destroying diversity jurisdiction under 28 U.S.C. § 1332." *Id.* (citation omitted).

"When a plaintiff chooses to submit a stipulation as to the amount in controversy, the stipulation must be unequivocal in order to limit the amount of recoverable damages and warrant remand." *Id.* at *2 (internal quotation marks and citation omitted). "This district has recognized that a plaintiff may stipulate that it *neither seeks*, *nor will accept*, damages in an amount greater than $75,000, and that such a stipulation will be sufficiently unequivocal to destroy diversity jurisdiction." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiffs initially stipulated that they "do not claim damages exclusive of interests and costs in excess of the Federal jurisdictional amount of $75,000." [DN 5-1]. In response to Allstate's arguments that their initial stipulation was inadequate [DN 6 at 2], Plaintiffs amended their stipulation:

> Plaintiffs state that they will neither seek nor accept damages in excess of $75,000.00 for all compensatory damages, punitive damages and attorney fees, exclusive of interest and costs.
> The Trial Court in this case is entitled to rely on this Binding Stipulation and prevent any award of damages exceeding the amount stipulated in the first paragraph above.
> Plaintiffs understand that this Binding Stipulation is conclusive and that the facts and representations stated herein are not subject to subsequent variation.

> Plaintiffs understand that this affidavit and Binding Stipulation constitutes a waiver of any rights they may have to seek and/or accept damages in excess of the amount stated in the first paragraph above.

[DN 10-1]. Plaintiffs' amended stipulation is sufficiently unequivocal to destroy diversity jurisdiction. *See Leavell v. Cabela's Wholesale, Inc.*, No. 15-CV-00809, 2015 WL 9009009, at *2 (W.D. Ky. Dec. 15, 2015) (finding that the plaintiff's stipulation that she "will neither seek nor accept damages in excess of $75,000.00 for all compensatory damages, punitive damages, and attorneys' fees, exclusive of interests and costs" was valid and enforceable); *see also Lovelace v. Stonebridge Life Ins. Co.*, No. 13-CV-000138, 2013 WL 5966729, at *1–2 (W.D. Ky. Nov. 8, 2013) (same).

"[S]tipulations such as the one here are 'binding and conclusive . . . and the facts stated are not subject to subsequent variation.'" *Leavell*, 2015 WL 9009009, at *2 (quoting *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez*, 561 U.S. 661, 676 (2010)). Because the amended stipulation is binding and conclusive, the Court is satisfied that "Plaintiff[s] will be constrained to recovering an amount no greater than $75,000." *Id.* at *3. The amended stipulation, therefore, is valid and enforceable.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [DN 5] is **GRANTED**. This case is **REMANDED** to the Muhlenberg Circuit Court.

Joseph H. McKinley Jr., Senior Judge
United States District Court

July 21, 2021

cc:  Counsel of Record
     Muhlenberg Circuit Court